**Certiorari Denied, December 4, 2013, No. 34,383**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2014-NMCA-008**

**Filing Date: October 21, 2013**

**Docket No. 31,919**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**JOE PETERSON,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Sri Mullis, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**SUTIN, Judge.**

**{1}** In *State v. Ochoa*, 2009-NMCA-002, ¶¶ 38-40, 146 N.M. 32, 206 P.3d 143, this Court held that the New Mexico Constitution forbids the police from using an otherwise valid traffic stop as a pretext for investigating unrelated matters for which there is no reasonable suspicion or probable cause, unless the circumstances are such that the police

1

would have conducted the traffic stop regardless of the unrelated investigation. The question before us is whether *Ochoa*'s pretext rule applies when, as here, the stop occurs during a criminal investigation involving no reasonable suspicion, but the sole reason for the stop was an outstanding arrest warrant. We conclude that *Ochoa* does not apply under the circumstances in this case.

**BACKGROUND**

**{2}** Law enforcement officers were investigating Defendant Joe Peterson for possible drug activity. During their investigation, they discovered that Defendant had an outstanding misdemeanor warrant and that his driver's license had been suspended or revoked. Recognizing him traveling in his car, the officers stopped him in order to execute the warrant. After arresting Defendant, the officers found heroin in his pocket and crack cocaine in his car.

**{3}** Defendant filed a motion to suppress the evidence obtained as a result of the arrest on the ground that the officers' decision to stop him in order to execute the arrest warrant was an improper pretextual stop prohibited by the New Mexico Constitution and *Ochoa*. At a hearing on the motion, differentiating this case from *Ochoa*, the district court disagreed with Defendant's position that the police could not arrest a person on a warrant if there was also an ongoing investigation of some unrelated matter. After the district court denied the motion, Defendant entered a guilty plea, reserving the right to appeal the district court's ruling.

**DISCUSSION**

**{4}** Defendant contends that the district court erred in denying his motion to suppress. "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Ketelson*, 2011-NMSC-023, ¶ 9, 150 N.M. 137, 257 P.3d 957. Our standard of review requires us to look "for substantial evidence to support the [district] court's factual finding, with deference to the district court's review of the testimony and other evidence presented[.]" *State v. Leyva*, 2011-NMSC-009, ¶ 30, 149 N.M. 435, 250 P.3d 861. The district court need not make express findings of fact, *State v. Gonzales*, 1999-NMCA-027, ¶ 11, 126 N.M. 742, 975 P.2d 355, and when it has not done so, we view the evidence in the light most favorable to the district court's decision and "draw all inferences and indulge all presumptions in favor of the district court's ruling." *State v. Jason L.*, 2000-NMSC-018, ¶ 11, 129 N.M. 119, 2 P.3d 856. Viewing the facts in this way, "we then review de novo the [district] court's application of law to the facts to determine whether the . . . seizure [was] reasonable." *Leyva*, 2011-NMSC-009, ¶ 30.

**{5}** Article II, Section 10 of the New Mexico Constitution guarantees that "[t]he people shall be secure in their persons, papers, homes[,] and effects, from unreasonable searches and seizures[.]" Under this provision and the analogous Fourth Amendment to the United States Constitution, the temporary detention of a person during a traffic stop constitutes a seizure

2

that must comport with constitutional requirements of reasonableness. *See State v. Candelaria*, 2011-NMCA-001, ¶ 9, 149 N.M. 125, 245 P.3d 69. Generally, a "seizure is an intrusion that requires a warrant based upon a demonstration of probable cause[,]" *State v. Patterson*, 2006-NMCA-037, ¶ 14, 139 N.M. 322, 131 P.3d 1286, and "[w]arrantless seizures are presumed to be unreasonable[,]" subject to certain exceptions. *Ochoa*, 2009-NMCA-002, ¶ 20 (internal quotation marks and citation omitted). One of these exceptions is that traffic stops will generally be found to be constitutionally reasonable if an officer has at least a reasonable suspicion to believe that the traffic code has been violated. *Id.* ¶ 25. Here, however, this exception to the warrant requirement is not at issue, since Defendant was stopped in order to execute a warrant for his arrest that had been issued previous to the stop. He has not argued that the warrant was invalid, and therefore, the unchallenged warrant rendered the stop constitutionally reasonable. *See State v. Hamilton*, 2012-NMCA-115, ¶ 13, 290 P.3d 271 (stating that "a search pursuant to a valid search warrant establishes that the search was constitutionally reasonable").

**{6}** Defendant argues that, in spite of the valid warrant, the stop was unconstitutional because the execution of the warrant was a pretext for conducting the unrelated drug investigation. In doing so, he seeks to place this case within the rule set in *Ochoa* that under Article II, Section 10 of the New Mexico Constitution, even when there is a reasonable suspicion to believe that the traffic code has been violated, a stop may nevertheless be constitutionally unreasonable if it is conducted in order to investigate some unrelated matter. 2009-NMCA-002, ¶¶ 38-40. *Ochoa*'s rule forbids the use of an otherwise valid traffic stop as a pretext for investigating unrelated conduct for which the police do not have reasonable suspicion or probable cause to detain a suspect, unless the State can prove that the traffic stop would have occurred regardless of the unrelated investigation. *Id.* ¶ 40.

**{7}** We are not persuaded that *Ochoa* applies. Defendant was arrested pursuant to an outstanding warrant. *Ochoa*'s pretext rule is an exception to the general rule that the police may detain a person briefly based on reasonable suspicion that a traffic violation has occurred. The reasonable suspicion rule in turn is an exception to the warrant requirement. *See id.* ¶¶ 16, 25 (characterizing the ability to conduct a brief investigatory detention based on a reasonable suspicion of criminal activity as an exception to the requirement that the police obtain a warrant in order to seize someone). *Ochoa*'s exception to the reasonable suspicion exception does not apply to the case at hand because the officers did not need reasonable suspicion to stop Defendant when they had a valid outstanding arrest warrant. *Cf. State v. Ryon*, 2005-NMSC-005, ¶ 20, 137 N.M. 174, 108 P.3d 1032 (stating that it is inappropriate to apply an exception to the reasonable suspicion requirement under circumstances where a police encounter is justified by a rule that does not require reasonable suspicion that a crime has been committed).

**{8}** In addition, *Ochoa*'s reasoning does not support its application to cases in which the police stop a person in order to execute an arrest warrant. *Ochoa* defined a pretextual stop as "a detention supportable by reasonable suspicion or probable cause to believe that a *traffic offense* has occurred, but is executed as a pretense to pursue a 'hunch,' a different more

3

serious investigative agenda for which there is no reasonable suspicion or probable cause." 2009-NMCA-002, ¶ 25 (emphasis added). The reason for *Ochoa*'s conclusion that traffic stops in particular must be examined for the real motivation of the stopping officer comes from the special nature of the traffic code. As *Ochoa* recognized, the traffic code is so extensive and detailed that "virtually the entire driving population is in violation of some regulation as soon as they get in their cars, or shortly thereafter." *Id.* ¶ 17 (internal quotation marks and citation omitted). As a consequence, police officers must exercise their discretion in deciding which violators will be stopped because "it would not be possible to strictly enforce the multitude of traffic laws." *Id.* ¶ 35. Because almost all drivers will violate the traffic code at some point during even the briefest drive, *Ochoa*'s concern was that police officers had essentially unfettered discretion to detain someone whom they were investigating by simply following the person until a traffic law was violated, providing the excuse to detain the person, at least briefly, with the hope that during that brief detention some other evidence of wrongdoing would be found. *Ochoa* thus explained that "[g]iven the pervasiveness of . . . minor traffic offenses and the ease with which law enforcement agents may uncover them in the conduct of virtually everyone, the requirement of a traffic violation hardly matters, for . . . there exists a power that places the liberty of every man in the hands of every petty officer[.]" *Id.* ¶ 17 (alterations, internal quotation marks, and citation omitted). *Ochoa* was concerned not only with the possibility that officers would use traffic stops to detain people when an investigation had not yet provided a reasonable suspicion or probable cause to detain them for the matters under investigation, but that such unbridled discretion could result in stops based wholly on race or other discriminatory factors. *Id.* ¶¶ 16, 18-19.

**{9}** Defendant contends that because New Mexico courts have expressed general concerns about pretextual police practices in other contexts, the rationale of *Ochoa* should be expanded beyond stops based upon traffic violations. But in contrast to the broad discretion that officers have in enforcing the traffic code, when the police have a warrant for a person's arrest, it is because a neutral magistrate or judge has determined that there is probable cause to believe that the particular individual named in the warrant has already committed an offense for which he may be arrested. The warrant necessarily limits a police officer's discretion regarding whom to arrest. *Ochoa*'s reasoning and policy considerations simply do not apply when officers execute an arrest warrant—even when they must first stop a vehicle to do so—and there is no reason to extend *Ochoa*'s holding to such circumstances.

**{10}** Furthermore, as the district court pointed out, such a rule would inhibit the police in the execution of valid arrest warrants if the person to be arrested also happened to be under investigation for some other crime. The police should not be impeded in the execution of valid arrest warrants, even if, in doing so, they may harbor some hope of discovering evidence of additional crimes. The problem that renders some pretextual stops unconstitutional is not that an officer might subjectively hope to find evidence of a greater offense; the problem arises when an officer would not have been interested in pursuing the lesser offense absent that hope. *See id.* ¶¶ 32, 40 (indicating that even if officers have a subjective motivation for stopping the person unrelated to the traffic violation, the stop will

4

not be unconstitutional if the prosecution can demonstrate that the officers would have stopped the person even without the unrelated motivation). An officer's subjective hope alone cannot alter the necessity and propriety of executing a valid warrant.

**{11}** It is true that, here, in addition to the warrant, the police also had reasonable suspicion to believe that Defendant was driving with a suspended or revoked license, which is a violation of the traffic code. *See* NMSA 1978, § 66-5-39(A) (1993, amended 2013) (making it a misdemeanor for a person to drive when he knows or should know that his license has been suspended or revoked). This fact does not affect our analysis for two reasons: first, the district court made an express finding that the reason for the stop was the warrant, and Defendant has not challenged that finding on appeal; and second, even if the officers stopped Defendant based on both the warrant and the fact that he was driving with a suspended or revoked license, as we discussed earlier, the warrant provides a basis for the detention that limits the officers' discretion and therefore eliminates the concerns that *Ochoa* is intended to remedy.

**CONCLUSION**

**{12}** Because a warrant existed for Defendant's arrest, the officers' stop of Defendant's vehicle was not pretextual and did not violate the New Mexico Constitution. The district court did not err in denying Defendant's motion to suppress. Accordingly, we affirm.

**{13}** **IT IS SO ORDERED.**

                         _____

                         **JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**

**Topic Index for *State v. Peterson*, No. 31,919**

**APPEAL AND ERROR**
Standard of Review

**CONSTITUTIONAL LAW**
New Mexico Constitution, General
Fourth Amendment
Suppression of Evidence

5

**CRIMINAL LAW**
Controlled Substances

**CRIMINAL PROCEDURE**
Arrest Warrant
Pretextual Stop
Probable Cause
Reasonable Suspicion
Warrantless Search