This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                          **No.  33,099**

**CARLOS C.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

The Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Child appeals from an adjudication of delinquency. We issued a calendar notice proposing to affirm. Child has responded with a memorandum in opposition. Not persuaded, we affirm.

{2}     **Issues 1-4:** Child has claimed that the district court should have granted his motion to suppress on the basis that the officers arrested him on outstanding warrants as a pretext to question him about unrelated crimes. However, this Court recently concluded that the pretextual stop doctrine does not apply where a defendant is arrested pursuant to an outstanding warrant. *State v. Peterson*, 2014-NMCA-008, ¶ 7, 315 P.3d 354.

{3}     **Issue 5:** Child continues to challenge the sufficiency of the evidence to support the adjudication of delinquency. "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. The question is whether the trial court's "decision is supported by substantial evidence, not whether the [trial] court could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*,

1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *overruled on other grounds by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683.

**{4}** The underlying judgment in this case involved consolidated proceedings. [RP 155] The notice of appeal is directed at the findings in JR-13-020, in which the district court determined that Child committed the acts of (1) possession of a controlled substance (methamphetamine), (2) tampering with evidence, (3) resisting, evading or obstructing an officer, and (4) possession of marijuana or synthetic cannabinoids. [RP 155, 176]

**{5}** Our calendar notice proposed to affirm based on the facts set forth in the docketing statement. Specifically, Child attempted to flee when the officers came to arrest him. [DS 6] Once caught, Child handed a bag to his grandmother. [DS 6] The bad contained methamphetamine and marijuana. [DS 6, 12] Child's memorandum in opposition does not point out any error in fact or law in our calendar notice. *See State v. Ibarra*, 1993–NMCA–040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law.").

**{6}** For the reasons set forth above, we affirm.

**{7}** **IT IS SO ORDERED.**

                                        **J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**

4