This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                     **No. 34,158**

**MONIKA SANDERS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

J. Robert Beauvais, P.A.
J. Robert Beauvais
Ruidoso, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}  On appeal, Defendant has challenged the denial of a motion to suppress. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}  Because the pertinent background information and applicable principles were previously set out at some length in the notice of proposed summary disposition, we will avoid unnecessary repetition here, and instead focus on the content of the memorandum in opposition.

{3}  Defendant does not take issue with our analysis relative to the validity of the traffic stop that preceded Defendant's arrest. *See State v. Peterson*, 2014-NMCA-008, ¶ 5, 315 P.3d 354 (observing that a traffic stop in order to execute a previously-issued warrant for an occupant's arrest is constitutionally reasonable); *State v. Skippings*, 2014-NMCA-117, ¶¶ 10-12, 338 P.3d 128 (upholding a traffic stop based upon information supplied by a confidential informant, upon a similar showing of credibility and veracity).  However, Defendant continues to assert that the search of her purse was impermissible. [MIO 1-2]

{4}  We previously expressed concern that this argument had not been raised below. In her memorandum in opposition, Defendant does not address our concern, other than

to state that "[t]he issue was specifically rejected under Sec. VI Points and Authorities." [MIO 1] This statement appears to reference the "Points and Authorities" portion of Defendant's docketing statement, [DS 3-4] which contains nothing that bears directly upon either the validity of the search of the purse or the preservation of that argument below. Under the circumstances, the argument may properly be rejected for want of preservation. *See* Rule 12-216 NMRA (stating that appellate issues must be preserved); *and see, e.g., State v. Mosley,* 2014-NMCA-094, ¶¶ 13-17, 335 P.3d 244 (observing that this Court will not reverse on grounds that the trial court was neither asked to consider nor had the opportunity to review, and declining to consider an unpreserved suppression argument on that basis).

{5}     Even if the argument had been preserved, we remain of the opinion that the search of Defendant's purse was permissible in light of her arrest. *See generally State v. Boswell*, 1991-NMSC-004, 111 N.M. 240, 804 P.2d 1059 (discussing searches incident to arrest and inventory searches). Although we understand Defendant to contend that the location of the purse took it outside the permissible scope of the search incident to arrest and inventory search doctrines, [MIO 2] insofar as the center console was accessible to Defendant, the search was authorized. *See generally State v. Saiz*, 2008-NMSC-048, ¶ 17, 144 N.M. 663, 191 P.3d 521 (observing that the well-recognized exception to the warrant requirement  for searches and seizures incident

to a custodial arrest permits "the search of an arrestee's person *and any other area within the arrestee's access*" (emphasis added)), *abrogated on other grounds by State v. Belanger*, 2009-NMSC-025, ¶ 36 n.1, 146 N.M. 357, 210 P.3d 783; *State v. Capps*, 1982-NMSC-009, ¶ 8, 97 N.M. 453, 641 P.2d 484 (observing that as a matter of federal constitutional law, "when a policeman had made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile" and "the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within the reach of the arrestee, so also will containers in it be within his reach" (internal quotation marks and citation omitted)).

{6}     Accordingly, for the foregoing reasons, as well as the reasons set forth in the notice of proposed summary disposition, we affirm.

{7}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**

_____

**LINDA M. VANZI, Judge**