This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 34,409**

**JOSHUA BEGAY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant appeals the district court's denial of his motion to suppress evidence supporting his conviction for driving while under the influence (DWI), following a conditional plea entered in magistrate court. We issued a notice of proposed

disposition proposing to affirm, and Defendant has responded with a memorandum in opposition. Having carefully considered the arguments raised in the memorandum in opposition, we continue to believe that affirmance is appropriate. Therefore, for the reasons stated below and in our notice of proposed disposition, we affirm.

{2}     Defendant's motion to suppress was based on his contention that the arresting officer lacked probable cause to arrest him for DWI. The officer had probable cause to arrest for DWI if it was objectively reasonable for the officer to believe that Defendant had been driving while he was impaired to the slightest degree. *See State v. Granillo–Macias*, 2008-NMCA-021, ¶ 9, 143 N.M. 455, 176 P.3d 1187. In the notice of proposed disposition we pointed out the evidence favoring the district court's determination that such probable cause existed: (1) the arresting deputy noted the odor of alcohol on Defendant's breath, as well as the fact that his eyes were bloodshot and glassy; (2) Defendant admitted he had consumed three shots of Jagermeister; (3) Defendant exhibited four out of a possible six "clues" on the HGN test; and (4) Defendant exhibited two of a possible eight "clues" on the walk-and-turn test.

{3}     In the memorandum in opposition Defendant challenges our reliance on the above evidence. He points out that a different officer, who encountered Defendant just before the arresting officer did, testified that he did not observe an odor of alcohol emitting from Defendant, and said nothing about glassy or bloodshot eyes. [MIO 2]

He also emphasizes the fact that he told the arresting officer he had consumed the three shots of Jagermeister three hours before he was stopped. [MIO 6] In addition, he notes that the arresting officer admitted that although she administered field-sobriety tests (FSTs) such as the HGN test and the walk-and-turn test, she did not really understand how the FSTs work. [MIO 6] Finally, he points to the second officer's testimony that the officer did not observe any "bad" driving on Defendant's part. [MIO 6] In sum, Defendant contends that the conflicting testimony of the officers, as well as the arresting officer's admission that she lacked an understanding of how the FSTs work, rendered the arrest unconstitutional as not supported by probable cause.

{4} As we discussed in the notice of proposed disposition, on appeal from a suppression decision we view the evidence in the light most favorable to the district court's decision. *State v. Peterson*, 2014-NMCA-008, ¶ 4, 315 P.3d 354. This means we disregard any conflicting evidence and draw all inferences from the evidence in favor of the district court's determination. *Id.* Defendant's arguments concerning the conflicting testimony provided by the officers, therefore, are to no avail; the district court was entitled to believe that the arresting officer smelled alcohol on Defendant's breath and observed glassy and bloodshot eyes, and in this appeal we must accept the court's finding to that effect as fact. Similarly, even though the arresting officer did

3

not understand the science underlying the FSTs, this does not mean she necessarily failed to administer the tests correctly, and the district court was entitled to accept her testimony that Defendant exhibited "clues" indicating that he failed certain aspects of the FSTs. Finally, the district court was entitled to disbelieve Defendant's assertion that it had been three hours since his last shot of Jagermeister.

{5}     In sum, this is simply a case of conflicting evidence that was up to the district court to resolve. The court determined that the facts known to the arresting officer were sufficient to provide probable cause to arrest Defendant for driving under the influence, and viewing the evidence in the light most favorable to the court's determination, we agree. *See State v. Sanchez*, 2001-NMCA-109, ¶¶ 8, 12, 131 N.M. 355, 36 P.3d 446 (holding that the officer had probable cause for arrest where the defendant smelled of alcohol, had bloodshot and watery eyes, and refused to take the FSTs).

{6}     Based on the foregoing discussion as well as the analysis set out in the notice of proposed disposition, we affirm.

{7}     **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**LINDA M. VANZI, Judge**