This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      **No. A-1-CA-36956**

**JEFFREY GONZALES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

{1} Defendant has appealed from convictions for DWI and failure to maintain lane. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} Defendant does not dispute the relevant background information, as previously described in the notice of proposed summary disposition. We will therefore avoid undue reiteration, focusing instead upon the content of the memorandum in opposition.

{3} Defendant challenges the denial of his motion to suppress, contending that the traffic stop which led to his arrest and convictions was not supported by reasonable suspicion. [MIO 1-7] However, the officer's observation of defendant's repeated weaving beyond the lane lines supplied an objectively reasonable basis for believing that Defendant was violating numerous traffic laws. *See* NMSA 1978, Section 66-7-317(A) (2015) (requiring that vehicles be driven as nearly as practicable entirely within a single lane, and prohibiting movement beyond such lane until the driver has first ascertained that movement can be made with safety); NMSA 1978, Section 66-8-102(A) (2016) (prohibiting driving under the influence); NMSA 1978, Section 66-8-114(A)-(B) (1978) (prohibiting careless driving); *and see, e.g.*, *State v. Ruiz*, 1995-NMCA-098, ¶¶ 3, 24, 120 N.M. 534, 903 P.2d 845 (holding that an officer's

observation of weaving was sufficient to establish reasonable suspicion to initiate a DWI traffic stop); *cf. State v. Salas*, 2014-NMCA-043, ¶¶ 2, 12-16, 321 P.3d 965 (concluding that observation of swerving and crossing lines without signaling would have been sufficient to support a conviction for failure to maintain lane, where nothing in the record indicated that the defendant ascertained that his movements could be made with safety or that he was conscious of or focused on safety or risk). As a result, the traffic stop was permissible. *See generally State v. Peterson*, 2014-NMCA-008, ¶ 5, 315 P.3d 354 (observing that traffic stops are generally held to constitutionally reasonable if the officer has at least a reasonable suspicion to believe that the traffic code has been violated).

{4} We understand Defendant to continue argue that his driving was not sufficiently erratic or threatening to the safety of other drivers in the immediate vicinity to support a traffic stop. [MIO 1-7] We disagree. As previously stated, the officer observed repeated weaving beyond lane lines, with no apparent justification and without any indication that Defendant was operating the vehicle with due regard to safety. In our estimation, the officer was not required to "expose the suspect and the public to [further] danger" under the circumstances. *State v. Contreras*, 2003-NMCA-129, ¶ 15, 134 N.M. 503, 79 P.3d 111.

3

{5}    Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

{6}    **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**HENRY M. BOHNHOFF, Judge**