This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38457**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JEFFEREY HORTON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
John Charles Bennett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from the district court's affirmance of his conviction for driving while under the influence (DWI), following entry of a conditional guilty plea in metropolitan court. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed disposition, proposing to affirm. Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In his MIO, Defendant continues to assert that the district court applied the incorrect standard of review to his on-record appeal. [MIO 2] Defendant additionally

asserts that this Court also misconstrued the law relating to the standard of review. [MIO 7] Defendant argues that it is incorrect for an appellate court to provide deference to a lower court's factual findings in its review of a motion to suppress. [MIO 4-5, 6-7] Defendant further contends that the application of this "fundamentally erroneous" standard of review caused this Court to incorrectly misconstrue the district court's statement that it would not reweigh the evidence as "not only sufficient, but sound." [MIO 7] We disagree.

{3}     We first reiterate the applicable standard of review, given its apparent importance to this case. It is well-established in New Mexico that a motion to suppress presents a mixed question of law and fact. *See State v. Ketelson*, 2011-NMSC-023, ¶ 9, 150 N.M. 137 ("Appellate review of a motion to suppress presents a mixed question of law and fact."). As such, an appellate court reviews "factual determinations for substantial evidence and legal determinations de novo." *Id.*; *see State v. Vandenberg*, 2003-NMSC-030, ¶ 17, 134 N.M. 566, 81 P.3d 19 (explaining that review of a motion to suppress "involves two parts: the first is a factual question, which we review for substantial evidence; the second is a legal question, which we review de novo."); *State v. Harbison*, 2007-NMSC-016, ¶ 8, 141 N.M. 392, 156 P.3d 30 ("In conducting our review, we observe the distinction between factual determinations which are subject to a substantial evidence standard of review and application of law to the facts, which is subject to de novo review." (alteration, internal quotation marks, and citation omitted)). The reviewing court to a motion to suppress must therefore give deference to the lower court's factual findings. *State v. Peterson*, 2014-NMCA-008, ¶ 4, 315 P3d 354 (explaining that the appellate standard of review requires the reviewing court to look for substantial evidence to support the lower court's factual findings, with deference to the lower court's review of the testimony and other evidence presented, and then, viewing the facts in favor of the lower court's ruling to review de novo the lower court's application of law to the facts); *State v. Gutierrez*, 2005-NMCA-015, ¶ 9, 136 N.M. 779, 105 P.3d 332 ("The denial of a motion to suppress requires us to determine if the law was correctly applied to the facts. We give deference to the factual findings of the lower court. (internal citation omitted)); *State v. Esguerra*, 1991-NMCA-147, ¶ 7, 113 N.M. 310, 825 P.2d 245 ("The appropriate standard of appellate review of rulings on suppression motions is whether the law was correctly applied to the facts, viewing them in the manner most favorable to the prevailing party. All reasonable inferences in support of the [lower] court's decision will be indulged in and all inferences or evidence to the contrary will be disregarded.").

{4}     Given this required deference to the lower court's factual findings, the reviewing court will not disturb a denial of a motion to suppress "if it is supported by substantial evidence unless it also appears that the ruling was incorrectly applied to the facts." *Gutierrez*, 2005-NMCA-015, ¶ 9 (internal quotation marks and citation omitted). This is because, although the lower court must resolve conflicts in the evidence, the ultimate legal question of whether that evidence complies with constitutional requirements is reviewed de novo on appeal. *see id.* ("The trial court must resolve conflicts in the evidence, but whether that evidence complies with constitutional requirements is . . . a legal question reviewed by the appellate court on a de novo basis." (alteration,

emphasis, internal quotation marks, and citation omitted). The question of reasonable suspicion is reviewed de novo. *Harbinson*, 2007-NMSC-016, ¶ 8; *see State v. Graves*, 1994-NMCA-151, ¶ 5, 119 N.M. 89, 888 P.2d 971.

**{5}**     As this Court adhered to this well-established law outlining the applicable standard of review for motions to suppress, we reject Defendant's contention that we erred in concluding that the district court here was required to review de novo the ultimate question of reasonable suspicion, while indulging all reasonable inferences related to the underlying factual circumstances in support of the metropolitan court's decision. *See Gutierrez*, 2005-NMCA-015, ¶ 9; *Esguerra*, 1991-NMCA-147, ¶ 7. Neither this Court nor, as addressed below, the district court, misunderstood the applicable law, as claimed by Defendant.

**{6}**     We first address Defendant's argument that the district court blanket refused to consider de novo the question of reasonable suspicion. [MIO 5; RP 139] In support of this argument, Defendant has relied solely on the following two sentences from the district court's memorandum opinion:

> [Defendant] essentially ask[ed the district court] to reweigh the evidence as he argues each of the [deputy's] observations about him driving the motorcycle were individually not indicative of sinister behavior because they each indicated that the motorcycle was malfunctioning, not that his driving ability was impaired [which] the [c]ourt will not do[.]

[RP 139] However, these two sentences were also the basis for Defendant's contention of error as raised in his docketing statement. [DS 2] In our notice of proposed disposition, we proposed to reject Defendant's contention that these two sentences demonstrated that the district court applied the incorrect standard of review [CN 2-3], noting that the district court's five page memorandum opinion was thorough, well-reasoned, and included a de novo review of whether the uncontroverted facts amounted to reasonable suspicion. [CN 2-3] More specifically, the district court independently determined that the arresting deputy's testimony in the metropolitan court identified a specific, articulable and objectively reasonable belief that Defendant had committed the crime of DWI:

> [the deputy's] uncontradicted testimony regarding: 1) the moving back and forth of the motorcycle's headlight and its weaving within its lane; 2) his training about such actions indicating impaired ability to drive; and 3) the motorcycle's jerking forward at the intersection; together constitute circumstances from which [the deputy] could reasonably suspect [Defendant] was committing DWI.

[RP 138] *See State v. Jason L.*, 2000-NMSC-018, ¶ 20, 129 N.M. 119, 2. P.3d 856 ("A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking, or has broken, the law.").

**{7}** Defendant has not at any point addressed, mentioned, or otherwise asserted error related to this independent determination of reasonable suspicion conducted by the district court. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings of the trial court, and the party claiming error bears the burden of showing error); *State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (holding that the appellant's failure to provide the court with a summary of all the facts material to consideration of an issue on appeal necessitated a denial of relief). Instead, based on the district court's two sentence refusal to reweigh the evidence, Defendant continues to argue that this determination never occurred. As such, Defendant has failed to persuade this Court that our proposed disposition was incorrect. *See Aragon*, 1999-NMCA-060, ¶ 10; *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{8}** Nonetheless, given Defendant's apparent misunderstanding, we explain that the district court's statement that it would not reweigh the evidence was responsive to the sole issue raised by Defendant in his statement of issues: that a reasonable person would infer, based on the deputy's testimony, that Defendant was having mechanical troubles, rather than driving while impaired. [RP 116] To the extent the deputy testified that the abnormal driving he observed tends to indicate that a driver is impaired, but may in some circumstances result instead from mechanical issues [RP 136], it was for the metropolitan court to resolve any conflicts in the evidence before it. *Gutierrez*, 2005-NMCA-015, ¶ 9; *see State v. Jason L.*, 2000-NMSC-018, ¶¶ 11-12, 129 N.M. 119, 2. P.3d 856 ("When the evidence conflicts, we consider the evidence that supports the [lower] court's ruling; and we will draw all inferences and indulge all presumptions in favor of the district court's ruling."). As such, Defendant's appeal did not entitle him to de novo review by a different factfinder of the on-record testimony, but instead a review of whether, giving deference to the metropolitan court's view of the evidence and ignoring all inferences contrary to its determination, the metropolitan court correctly applied the law to the facts. *Peterson*, 2014-NMCA-008, ¶ 4; *Esguerra*, 1991-NMCA-147, ¶ 7. We therefore hold that the district court did not err when it declined Defendant's invitation to reweigh the evidence and reach an inference contrary to the metropolitan court's determination. *See State v Boeglin*, 1983-NMCA-075, ¶ 22, 100 N.M. 127, 666 P.2d 1274 (reviewing court will not disturb lower court's denial of motion to suppress if supported by substantial evidence because "[r]esolution of factual conflicts, credibility, and weight of evidence is particularly a matter within the province of the trier of fact").

**{9}** For the reasons articulated in this Court's notice of proposed disposition and herein, we affirm Defendant's conviction.

**{10} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**